IN RE T.R. ET AL.

[Cite as *In re T.R.*, 120 Ohio St.3d 136, 2008-Ohio-5219.]

(No. 2008–0401—Submitted July 22, 2008—Decided October 14, 2008.)

MOYER, C.J.

## I

{¶ 1} The Second District Court of Appeals has certified this case pursuant to Section 3(B)(4), Article IV, Ohio Constitution and App.R. 25. The court of appeals found its judgment to be in conflict with the judgments of the Fifth District Court of Appeals in *In re McCutchen* (Mar. 8, 1991), Knox App. No. 90–CA–25, 1991 WL 34881, and the Twelfth District Court of Appeals in *In re Cavender* (Mar. 19, 2001), Madison App. No. CA2000–06–37, 2001 WL 277245, on the following issue: "Does R.C. 2151.413(E) require a children services board to file an adoption plan with the court, prior to the court granting permanent custody of a minor child?"

{¶ 2} For the following reasons, we answer the question in the negative and reverse the judgment of the court of appeals.

## II

{¶ 3} In December 2003, appellant, Montgomery County Department of Job and Family Services—Children Services Division ("the department"), removed appellee S.H.'s four children from her home based on concerns about the condition of the home and neglect of the children. Shortly thereafter, the juvenile court magistrate granted interim temporary custody to the department.

The department developed a case plan for the children pursuant to R.C. 2151.412(A)(2), with the ultimate goal of family reunification, and presented it to the juvenile court. The court approved the case plan and granted the department temporary custody of the children in the meantime.

{¶ 4} The department twice moved to have temporary custody extended while it pursued the goal of family reunification; the juvenile court granted both requests. The department eventually moved for permanent custody of the children pursuant to R.C. 2151.413(D)(1), alleging that S.H. had not met all of the objectives set forth in the case plan and that permanent custody by the department was in the best interest of the children. The magistrate determined that there was clear and convincing evidence to support the department's request. The juvenile court overruled S.H.'s objections to this decision and granted the department permanent custody.

{¶ 5} On appeal, S.H. argued, inter alia, that permanent custody could not be granted, because the department had failed to comply with R.C. 2151.413(E), which requires a children-services agency that files a motion for permanent custody to update the child's case plan to include a specific plan for adoption of the child. S.H. asserted that this statute required the department to update the case plan to include adoption plans *before* its motion for permanent custody was granted and that it did not do so. The department responded by citing several court of appeals decisions, including *In re McCutchen,* Knox App. No. 90–CA–25, 1991 WL 34881, and *In re Cavender,* Madison App. No. CA2000–06–37, that held that the adoption plan update need not be filed until *after* the court grants the motion for permanent custody.

{¶ 6} The court of appeals agreed with S.H., stating, "The purpose of the case plan for adoption required by R.C. 2151.413(E) is to allow the court to consider the child's prospects for adoption if the motion [for permanent custody] is granted, which is a matter that directly relates to the best interest of the child at issue." *In re T.R.,* Montgomery App. No. 22291, 2007-Ohio-6593, 2007 WL 4305689, ¶ 27. Although the court of appeals determined in its analysis of a separate assignment of error that the juvenile court's decision to grant permanent custody was not against the manifest weight of the evidence, it nonetheless held that the juvenile court erred in granting the motion for permanent custody because the department had not complied with R.C. 2151.413(E), and it remanded the cause for further proceedings. Id. at ¶ 40, 42.

{¶ 7} The court of appeals determined that its judgment conflicted with the judgments of the Fifth District Court of Appeals in *In re McCutchen* and the Twelfth District Court of Appeals in *In re Cavender* and certified the case as a conflict to this court. We determined that a conflict exists.

## III

{¶ 8} This case requires us to review R.C. 2151.413(E) and determine whether a children-services agency must file an adoption plan before its motion for permanent custody is considered, or whether it may do so after the motion is granted. When we engage in statutory interpretation, we must first examine the plain language of the statute. See *State v. Lowe,* 112 Ohio St.3d 507, 2007-Ohio-606, 861 N.E.2d 512, ¶ 9. If the language is clear and unambiguous, we must apply the statute as written. Id.

{¶ 9} R.C. 2151.413(E) states that "[a]ny agency that files a motion for permanent custody under this section *shall include* in the case plan of the child who is the subject of the motion, a specific plan of the agency's actions to seek an adoptive family for the child and to prepare the child for adoption." (Emphasis added.) As the emphasized language reveals, the statute plainly requires a children-services agency that files a motion for permanent custody to include an adoption plan in the child's case plan.

{¶ 10} R.C. 2151.413(E) does not state a temporal requirement, though; it does not say *when* such an adoption plan must be added to the existing case plan. A related Administrative Code provision, Ohio Adm.Code 5101:2–42–95(D), does provide temporal language: *"At the time a motion is filed with the court to obtain permanent custody* of the child, the [children-services agency] shall submit a case plan to the court which includes a specific plan to seek an adoptive family * * *." (Emphasis added.) However, R.C. 2151.413(F) limits the Department of Job and Family Services' rulemaking authority to adopting rules "that set forth the time frames for case reviews and for filing a motion requesting permanent custody under [R.C. 2151.413(D)(1)]." Because Ohio Adm.Code 5101:2–42–95(D) exceeds the scope of this authority by adding a timeline to the adoption-plan process in R.C. 2151.413(E), as opposed to the time for filing a motion for permanent custody itself under R.C. 2151.413(D)(1), it is invalid and therefore cannot fill the gap left by the statute. See *Amoco Oil Co. v. Petroleum Underground Storage Tank Release Comp. Bd.* (2000), 89 Ohio St.3d 477, 480, 733 N.E.2d 592 (noting that administrative agencies "must adopt rules within the standards provided by the General Assembly in order for the rules to be valid").

{¶ 11} We are left, then, with a statute that does not indicate when children-services agencies are required to update case plans in these circumstances. The General Assembly could have easily created a timeline in R.C. 2151.413(E) by stating that "any agency that files a motion for permanent custody under this section shall, *at the time it files the motion or before the court holds a hearing on the motion,* include in the case plan" an adoption plan, but it did not do so. We will apply the statute as written.

{¶ 12} Accordingly, we hold that R.C. 2151.413(E) does not require a children-services agency that files a motion for permanent custody to update the child's case plan with an adoption plan before the juvenile court grants the motion.

{¶ 13} In reaching the opposite conclusion, the court of appeals noted that juvenile courts in permanent-custody hearings must weigh the interests of the child and that updating the case plan to include adoption plans "allow[s] the court to consider the child's prospects for adoption if the motion is granted, which is a matter that directly relates to the best interest of the child at issue. It defies logic to allow the agency to defer filing the adoption case plan required by R.C. 2151.413(E) until after permanent custody is ordered." *In re T.R.*, 2007-Ohio-6593, 2007 WL 4305689, ¶ 27.

{¶ 14} We disagree with that determination for several reasons. First, while a juvenile court reviewing a motion for permanent custody was at one time required to consider the child's probability of being adopted, former R.C. 2151.414(D), Am.Sub.S.B. No. 89, 142 Ohio Laws, Part I, 198, 240, the current statutory framework does not expressly require the court to consider this information in making a best-interest determination, R.C. 2151.414(D). Thus, allowing a children-services agency to update the case plan after the decision to grant permanent custody is issued does not prevent the juvenile court from making the requisite best-interest determination.

{¶ 15} Second, children-services agencies are required to seek adoption for children who are placed in their permanent custody, and they must begin their efforts "no later than the date of permanent custody," which is defined as "the date of the court's filing of its order of permanent commitment of the child" to the children-services agency. See Ohio Adm.Code 5101:2–48–14(D); see also Ohio Adm.Code 5101:2–48–05 (requiring children-services agencies to develop and implement adoption policies). A court weighing a motion for permanent custody is therefore assured that the children-services agency will seek adoption if permanent custody is granted, even if it has not filed a specific adoption plan for that child at the time the motion is considered.

{¶ 16} While it certainly may be helpful for a court to know the agency's adoption plans, the court is not required to factor adoption possibilities into its analysis, and the agency will be bound to seek adoption for the child if permanent custody is granted regardless of whether the plans are filed before the motion is considered. Thus, interpreting R.C. 2151.413(E) to allow children-services agencies to update case plans to include adoption plans after permanent custody is granted does not lead to an illogical or absurd result, which we must avoid in construing statutes. See *O'Toole v. Denihan,* 118 Ohio St.3d 374, 2008-Ohio-2574, 889 N.E.2d 505, ¶ 56.

## IV

{¶ 17} R.C. 2151.413(E) requires a children-services agency seeking permanent custody of a child to update the child's case plan to include adoption plans, but it does not require the agency to perform this action before the juvenile court rules on the motion for permanent custody. Therefore, we answer the certified question in the negative and reverse the judgment of the court of appeals. We further note that there is no need to remand this cause to the court of appeals because the court has already addressed and rejected the other assignments of error raised by S.H., including her assertion that the decision granting permanent custody was against the manifest weight of the evidence.

Judgment reversed.

PFEIFER, O'CONNOR, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

LUNDBERG STRATTON, J., concurs separately.

---

**LUNDBERG STRATTON, J., concurring.**

{¶ 18} I agree that R.C. 2151.413(E) does not specify whether the public agency must include a plan for adoption in the child's case plan prior to the permanent custody hearing. Therefore, I concur with the majority. However, despite the inartfully drafted statute, I believe that the statutory scheme and the public policy underlying the 1997 federal amendments, in response to which Ohio amended its laws, support an inference that the General Assembly intended to require an agency to amend the child's case plan to include a specific plan for seeking adoption prior to the hearing on a motion for permanent custody.

{¶ 19} The federal Adoption and Safe Families Act, enacted in 1997, Pub.L. No. 105–89, 111 Stat. 2115, reflected a " 'philosophical shift from reunifying broken homes to putting the health and safety of children first.' " Meehan, Symposium on *In re C.W.* (2006), 32 Ohio N.U.L.Rev. 586, 590, quoting Moyle & Rinker, It's a Hard Knock Life: Does the Adoption and Safe Families Act of 1997 Adequately Address Problems in the Child Welfare System? (2002), 39 Harv.J. on Legis. 375, 377. To that end, the act provides for concurrent planning; that is, an agency may engage in reasonable efforts to place a child for adoption or with a legal guardian concurrently with making reasonable efforts to reunify the family. 42 U.S.Code 671(a)(15)(F). Federal law also provides that under certain circumstances, "the State shall file a petition to terminate the parental rights of the child's parents * * * and, *concurrently,* to identify, recruit, process, and approve a qualified family for an adoption." (Emphasis added.) 42 U.S.Code 675(5)(E).

{¶ 20} Ohio's version of the Adoption and Safe Families Act, enacted in 1999 and patterned after its federal counterpart, also authorizes concurrent planning.

R.C. 2151.412(I) provides that the public agency may prepare a supplemental case plan for locating a permanent placement in addition to the case plan filed with the court that focuses on family reunification. When an agency decides to file for permanent custody, it should already have a plan for seeking permanent placement and can advise the court of the plan at or before the permanent custody hearing. The Department of Jobs and Family Services most likely anticipated this scenario when it adopted Ohio Adm.Code 5101:2–42–95(D), which provides, *"At the time a motion is filed with the court to obtain permanent custody of the child,* the [agency] shall submit a case plan to the court which includes a specific plan to seek an adoptive family * * *."* (Emphasis added.)

{¶ 21} Unfortunately, the General Assembly was not clear about the timing of amending a child's case plan to include actions to seek an adoptive family. If the General Assembly's intent was to have the agency amend the case plan with an adoption plan by the time of the permanent custody hearing, then the General Assembly should clarify the law to expressly require public agencies to engage in concurrent planning and be prepared to present the alternative plan to reunification when seeking permanent custody.

PFEIFER, J., concurs in the foregoing opinion.

_____

Mathias H. Heck Jr., Montgomery County Prosecuting Attorney, and Carley J. Ingram, Assistant Prosecuting Attorney, for appellant.

Law Office of Byron K. Shaw and Byron K. Shaw, for appellee.