THE STATE EX REL. WELLINGTON v. MAHONING COUNTY BOARD OF ELECTIONS.

[Cite as *State ex rel. Wellington v. Mahoning Cty. Bd.
of Elections,* 120 Ohio St.3d 198, 2008-Ohio-5510.]

(No. 2008–1936—Submitted October 21, 2008—Decided October 24, 2008.)

———————

**Per Curiam.**

{¶ 1} This is an expedited election action for a writ of prohibition to prevent respondent, Mahoning County Board of Elections, from certifying David P. Aey's qualifications as a write-in candidate for the office of Mahoning County sheriff in the November 4, 2008 general election. Because the board of elections abused its discretion and clearly disregarded R.C. 311.01(B)(9)(b) by denying relator's protest and certifying Aey's qualifications, we grant the writ. Aey has not established his eligibility to be a write-in candidate for sheriff.

### Litigation Related to Aey's Petition for the Primary Election

{¶ 2} Aey had previously filed a declaration of candidacy and petition to become a candidate for the Democratic Party nomination for the office of Mahoning County sheriff on the March 4, 2008 primary election ballot. Relator,

Sheriff Randall A. Wellington, filed a protest with the board of elections, claiming that Aey was not eligible to be a candidate for sheriff because he did not meet statutory qualifications under R.C. 311.01(B)(9). At a board of elections hearing on the protest, Aey withdrew his claim that he qualified as a candidate for sheriff based on the postsecondary-education requirement of R.C. 311.01(B)(9)(b) and instead relied on his claim that he met the supervisory-experience requirement of R.C. 311.01(B)(9)(a). The board denied the protest.

{¶ 3} We granted Wellington's request for a writ of prohibition to prevent the board of elections from placing Aey's name on the primary election ballot. *Wellington v. Mahoning Cty. Bd. of Elections*, 117 Ohio St.3d 143, 2008-Ohio-554, 882 N.E.2d 420. We held that the board had abused its discretion and clearly disregarded R.C. 311.01(B)(9) by denying Wellington's protest and placing Aey's name on the primary election ballot when he did not have the requisite supervisory experience.

### Litigation Relating to the General Election
### Petition for Write–In Candidacy

{¶ 4} On September 2, 2008, Aey filed his declaration of intent to run as a write-in candidate for Mahoning County sheriff at the November 4, 2008 general election. Six days later, Wellington filed a protest challenging Aey's write-in candidacy because, among other reasons, "David P. Aey * * * does not possess all of the requirements of Ohio Revised Code § 311.01(B) to be eligible to be a candidate for sheriff in that he does not meet at least one of the conditions of Ohio Revised Code § 311.01(B)(9)."

{¶ 5} The board of elections held a special meeting on September 9, and the board members deadlocked two to two on a motion to reject Aey's declaration because of his previous attempt to be a candidate for sheriff.

{¶ 6} The secretary of state broke the tie vote on September 22 by voting to deny the motion to reject Aey's candidacy. She instructed the board of elections to "process Mr. Aey's declaration of intent to be a write-in candidate in accordance with the controlling law."

{¶ 7} The board then held a hearing and voted to deny the protest. At the hearing, Aey introduced into evidence a transcript from Jefferson Community College dated September 17, 2008, establishing that he had earned 60 credits, including 44 transferred credits and 16 credits earned at the community college in the summer semester of 2008. Aey conceded that some of this credit was for law-enforcement-certification courses at the Ohio Peace Officer Training Academy. He also received some credit for a law-enforcement internship at Youngstown State University based on his life experience, again including his academy training.

### Expedited Election Case

{¶ 8} On October 1, Wellington filed this expedited election action for a writ of prohibition to prevent the board of elections from accepting Aey as a write-in candidate for sheriff at the November 4 general election. The board of elections filed an answer, and the parties submitted evidence and briefs pursuant to a court-ordered schedule. Aey filed an amicus curiae brief in support of the board of elections, and the Buckeye State Sheriffs Association filed an amicus curiae brief in support of Wellington. This case is now before the court for a consideration of the merits.

{¶ 9} Wellington requests a writ of prohibition to prevent the board of elections from certifying Aey's qualifications as a write-in candidate for Mahoning County sheriff at the November 4, 2008 general election. To be entitled to the writ, Wellington must establish that (1) the board of elections is about to exercise quasi-judicial power, (2) the exercise of that power is unauthorized by law, and (3) denying the writ will result in injury for which no other adequate remedy exists in the ordinary course of law. *State ex rel. Stoll v. Logan Cty. Bd. of Elections,* 117 Ohio St.3d 76, 2008-Ohio-333, 881 N.E.2d 1214, ¶ 28.

{¶ 10} Wellington has established the first and third requirements for the writ. The board of elections exercised quasi-judicial authority by denying his protest after conducting a hearing that included sworn testimony. *State ex rel. Reese v. Cuyahoga Cty. Bd. of Elections,* 115 Ohio St.3d 126, 2007-Ohio-4588, 873 N.E.2d 1251, ¶ 17. He also lacks an adequate remedy in the ordinary course of law, given the proximity of the November 4 election. *State ex rel. Columbia Res. Ltd. v. Lorain Cty. Bd. of Elections,* 111 Ohio St.3d 167, 2006-Ohio-5019, 855 N.E.2d 815, ¶ 28.

{¶ 11} For the remaining requirement of the exercise of unauthorized power, "we must determine whether the board [of elections] acted fraudulently or corruptly, abused its discretion, or clearly disregarded applicable law." *State ex rel. Brown v. Butler Cty. Bd. of Elections,* 109 Ohio St.3d 63, 2006-Ohio-1292, 846 N.E.2d 8, ¶ 23. There is no claim or evidence of fraud or corruption here, so Wellington must establish that the board of elections abused its discretion or clearly disregarded applicable law by denying his protest and certifying Aey's qualifications for the office of sheriff. "An abuse of discretion implies an unreasonable, arbitrary, or unconscionable attitude." *State ex rel. Cooker Restaurant Corp. v. Montgomery Cty. Bd. of Elections* (1997), 80 Ohio St.3d 302, 305, 686 N.E.2d 238.

{¶ 12} Wellington asserts that the board of elections abused its discretion and clearly disregarded applicable law by denying his protest because, among other reasons, Aey did not meet the R.C. 311.01(B)(9)(b) postsecondary-education requirement to be an eligible candidate for sheriff.

## R.C. 311.01(B) Eligibility Requirements for Candidates for Sheriff

{¶ 13} Wellington claims that Aey did not qualify as an eligible candidate for sheriff, because he did not meet all R.C. 311.01(B) requirements. R.C. 311.01(B) sets forth the following eligibility requirements for sheriff candidates:

{¶ 14} "(B) Except as otherwise provided in this section, no person is eligible to be a candidate for sheriff, and no person shall be elected or appointed to the office of sheriff, unless that person meets all of the following requirements:

{¶ 15} "(1) The person is a citizen of the United States.

{¶ 16} "(2) The person has been a resident of the county in which the person is a candidate for or is appointed to the office of sheriff for at least one year immediately prior to the qualification date.

{¶ 17} "(3) The person has the qualifications of an elector as specified in section 3503.01 of the Revised Code and has complied with all applicable election laws.

{¶ 18} "(4) The person has been awarded a high school diploma or a certificate of high school equivalence issued for achievement of specified minimum scores on the general educational development test of the American council on education.

{¶ 19} "(5) The person has not been convicted of or pleaded guilty to a felony or any offense involving moral turpitude under the laws of this or any other state or the United States, and has not been convicted of or pleaded guilty to an offense that is a misdemeanor of the first degree under the laws of this state or an offense under the laws of any other state or the United States that carries a penalty that is substantially equivalent to the penalty for a misdemeanor of the first degree under the laws of this state.

{¶ 20} "(6) The person has been fingerprinted and has been the subject of a search of local, state, and national fingerprint files to disclose any criminal record. Such fingerprints shall be taken under the direction of the administrative judge of the court of common pleas who, prior to the applicable qualification date, shall notify the board of elections, board of county commissioners, or county central committee of the proper political party, as applicable, of the judge's findings.

{¶ 21} "(7) The person has prepared a complete history of the person's places of residence for a period of six years immediately preceding the qualification date and a complete history of the person's places of employment for a period of six years immediately preceding the qualification date, indicating the name and address of each employer and the period of time employed by that employer. The residence and employment histories shall be filed with the administrative judge of the court of common pleas of the county, who shall forward them with the findings under division (B)(6) of this section to the appropriate board of elections, board of county commissioners, or county central committee of the proper political party prior to the applicable qualification date.

{¶ 22} "(8) The person meets at least one of the following conditions:

{¶ 23} "(a) *Has obtained or held, within the four-year period ending immediately prior to the qualification date, a valid basic peace officer certificate of training issued by the Ohio peace officer training commission* or has been issued a certificate of training pursuant to section 5503.05 of the Revised Code, and, within the four-year period ending immediately prior to the qualification date, has been employed as an appointee pursuant to section 5503.01 of the Revised Code or as a full-time peace officer as defined in section 109.71 of the Revised Code performing duties related to the enforcement of statutes, ordinances, or codes;

{¶ 24} "(b) *Has obtained or held, within the three-year period ending immediately prior to the qualification date, a valid basic peace officer certificate of training issued by the Ohio peace officer training commission* and has been employed for at least the last three years prior to the qualification date as a full-time law enforcement officer, as defined in division (A)(11) of section 2901.01 of the Revised Code, performing duties related to the enforcement of statutes, ordinances, or codes.

{¶ 25} "(9) *The person meets at least one of the following* conditions:

{¶ 26} "(a) Has at least two years of supervisory experience as a peace officer at the rank of corporal or above, or has been appointed pursuant to section 5503.01 of the Revised Code and served at the rank of sergeant or above, in the five-year period ending immediately prior to the qualification date;

{¶ 27} "(b) *Has completed satisfactorily at least two years of post-secondary education or the equivalent in semester or quarter hours in a college or university authorized to confer degrees by the Ohio board of regents* or the comparable agency of another state in which the college or university is located or in a school that holds a certificate of registration issued by the state board of career colleges and schools under Chapter 3332. of the Revised Code." (Emphasis added.)

{¶ 28} Wellington contends that the board abused its discretion and clearly disregarded R.C. 311.01(B)(9)(b). More specifically, he and amicus curiae Buckeye State Sheriffs Association claim that peace officer training should not be acceptable as course credit under R.C. 311.01(B)(9)(b), because it is already included in the separate eligibility requirements set forth in R.C. 311.01(B)(8).

{¶ 29} In construing this statute, "our paramount concern is the legislative intent in enacting the statute." *State ex rel. Steele v. Morrissey,* 103 Ohio St.3d 355, 2004-Ohio-4960, 815 N.E.2d 1107, ¶ 21. "To discern this intent, we first consider the statutory language, reading words and phrases in context and construing them in accordance with rules of grammar and common usage." *State*

*ex rel. Choices for South–Western City Schools v. Anthony*, 108 Ohio St.3d 1, 2005-Ohio-5362, 840 N.E.2d 582, ¶ 40.

{¶ 30} Although the board and Aey assert that the language of R.C. 311.01(B)(9)(b) should be broadly read to include the credits for peace office training, R.C. 311.01(B)(8) already specifies that peace officer training is a distinct requirement, along with specified employment. To be eligible to be a candidate for sheriff, one must obtain the certificate of peace officer training (or a certificate of training pursuant to R.C. 5503.05) and have employment either as a peace officer or with the highway patrol as specified under R.C. 311.01(B)(8)(a) or as a law-enforcement officer under R.C. 311.01(B)(8)(b). The postsecondary education needed under R.C. 311.01(B)(9)(b) is altogether distinct from the peace officer training specified in R.C. 311.01(B)(8). The equivalent of "at least two years of post-secondary education" specified in R.C. 311.01(B)(9) is to be "semester or quarter hours in a college or university authorized to confer degrees." Aey testified that six classes totaling 16 hours of his claimed 60 hours were hours of peace officer training. We agree with Wellington and the Buckeye State Sheriffs Association that under the plain language of R.C. 311.01(B)(9)(b), as read in the context of the entire statute, peace officer training is not acceptable to constitute course credit under R.C. 311.01(B)(9)(b), because it is already included in the eligibility requirements in R.C. 311.01(B)(8).

{¶ 31} Therefore, the board of elections abused its discretion and clearly disregarded applicable law by denying Wellington's protest and certifying Aey's qualifications for the office of sheriff. Although we have "a duty to liberally construe the statutory limitations on the right to be an eligible candidate for sheriff in order to permit electors to choose from all qualified candidates, the court cannot liberally construe a statute with an unequivocal and definite meaning." *Wellington*, 117 Ohio St.3d 143, 2008-Ohio-554, 882 N.E.2d 420, ¶ 48.

## Conclusion

{¶ 32} Therefore, because relator established his entitlement to the requested extraordinary relief in prohibition, we grant the writ to prevent the board of elections from certifying Aey's qualifications as a write-in candidate for Mahoning County sheriff at the November 4 election. By so holding, we need not decide relator's other contentions, which are rendered moot.

Writ granted.

MOYER, C.J., and LUNDBERG STRATTON, SLABY, O'DONNELL, and LANZINGER, JJ., concur.

PFEIFER and CUPP, JJ., dissent.

LYNN C. SLABY, J., of the Ninth Appellate District, sitting for O'CONNOR, J.

PFEIFER, J., dissenting.

{¶ 33} I concur in Justice Cupp's dissenting opinion. David Aey met R.C. 311.01(B)(9)(b)'s postsecondary-education requirement and should be eligible to be a write-in candidate for sheriff. Wellington's beef is with the institution that awarded postsecondary-education credit to Aey.

{¶ 34} The majority reads additional requirements into a statute already designed to thwart competition. "Stifled competition does not yield better sheriffs." *State ex rel. Wolfe v. Delaware Cty. Bd. of Elections* (2000), 88 Ohio St.3d 182, 187, 724 N.E.2d 771 (Pfeifer, J., dissenting).

---

CUPP, J., dissenting.

{¶ 35} Because the majority finds a limitation in the statute that, in my view, does not actually exist, to restrict what can qualify as postsecondary education under R.C. 311.01(B)(9)(b), I must respectfully dissent. From a plain reading of the statute, one gleans that it does not limit the granting of postsecondary credit by a qualified college, university, or career college or school for course work at the Ohio Peace Officer Training Academy or for internships. Similarly, the statute does not restrict the use of such credit, if granted by a qualified institution, toward satisfying the R.C. 311.01(B)(9)(b) postsecondary-education requirement. I am unwilling to read into the statute requirements or restrictions that do not exist there.

{¶ 36} Should the legislature decide that it is better policy not to allow any credit awarded by a postsecondary institution for training at the Ohio Peace Officer Training Academy to apply toward the two-year postsecondary-education requirement for a candidate for sheriff, it can easily amend the statute to so provide. But for now, the plain language of the statute provides no such restriction. Accordingly, I would deny the writ.

PFEIFER, J., concurs in the foregoing opinion.

---

Porter, Wright, Morris & Arthur, L.L.P., and James B. Hadden, for relator.

Murray, Murphy, Moul & Basil, L.L.P., and Brian K. Murphy, for respondent.

Robert L. Berry Co., L.P.A., and Robert L. Berry, urging granting of the writ for amicus curiae Buckeye State Sheriffs Association.

Matthew C. Giannini, urging denial of the writ for amicus curiae David P. Aey.