Pfeifer, J.,
concurring in part and dissenting in part.
{¶ 36} I concur in the dismissal of the mandamus claim but dissent from the judgment granting the writ of prohibition to prevent Hannum from appearing as candidate for the Democratic Party nomination for Noble County sheriff at the May 4, 2010 primary election.
{¶ 37} The majority errs in relying on State ex rel. Wellington v. Mahoning Cty. Bd. of Elections, 120 Ohio St.3d 198, 2008-Ohio-5510, 897 N.E.2d 641, to hold that the board of elections abused its discretion in concluding that Hannum satisfied the postsecondary-education requirement of R.C. 311.01(B)(9)(b). I dissented in Wellington and continue to believe that the majority therein read “additional requirements into a statute already designed to thwart competition.” *90 Id. at ¶ 34 (Pfeifer, J., dissenting). Moreover, for the following reasons, Wellington is distinguishable, and Knowlton’s arguments lack merit.
{¶ 38} Knowlton argues that the board and its members erred in determining that Hannum satisfied the postsecondary-education requirement. Knowlton’s claims, however, are largely based on supposition, not evidence, and they are insufficient to establish that the board of elections abused its discretion. First, no evidence was submitted before the board of elections that the transcript notations for “OPOTA I,” “OPOTA II,” and “OPOTA III” necessarily referred to peace-officer training courses. Knowlton relies on Wellington, 120 Ohio St.3d 198, 2008-Ohio-5510, 897 N.E.2d 641, in which this court held that the prospective sheriffs candidate had not met the R.C. 311.01(B)(9)(b) requirement. But that case is distinguishable because the prospective sheriffs candidate in Wellington had conceded that some of the credit claimed by him was for “law-enforcement-certification courses at the Ohio Peace Officer Training Academy.” Id. at ¶ 7. Here, there is no comparable concession that the courses are “law-enforcement-certification courses” or are for peace-officer training at the academy. Although Knowlton attempted to introduce evidence to support this argument, he did not, and “a claim that the board of elections abused its discretion * * * could not be based on evidence that was never presented to it.” State ex rel. Stoll v. Logan Cty. Bd. of Elections, 117 Ohio St.3d 76, 2008-Ohio-333, 881 N.E.2d 1214, ¶ 40.
{¶ 39} Second, no evidence was submitted to the board of elections at the protest hearing that an additional 20 credits on Hannum’s transcript relating to courses referred to as “CRJU” courses should not be counted toward his satisfaction of the postsecondary-education requirement of R.C. 311.01(B)(9)(b) because they were actually OPOTA courses. The statute contains no prohibition against the use of life-experience credit.
{¶ 40} Finally, credible evidence was submitted at the protest hearing to establish that Hannum earned sufficient credits before the February 18, 2010 qualification date. The January 26, 2010 Washington State Community College transcript that Hannum presented at the protest hearing includes a notation that 89 credits from the winter quarter are “ERN,” which the board could have reasonably inferred meant earned. Hannum also testified at the hearing that he “had documentation” that his “college credits had been assigned to [him] on January 26.” Insofar as the evidence could be considered conflicting on this point, “[w]e will not substitute our judgment for that of a board of elections if there is conflicting evidence on an issue.” State ex rel. Wolfe v. Delaware Cty. Bd. of Elections (2000), 88 Ohio St.3d 182, 185, 724 N.E.2d 771.
{¶ 41} Noble County is small; it has a population of just over 14,000. http:// www.epodunk.com/cgi-bin/genInfo.php?locIndex=17252. It is probably safe to assume that every voting-age person in the county is aware of who is running for *91 sheriff. I know it is safe to assume that collectively the voters of Noble County are competent to decide who should be their sheriff.
McTigue & McGinnis, L.L.C., Donald J. McTigue, Mark A. McGinnis, and J. Corey Colombo, for relator.
Patrick J. Piccininni, Special Counsel to Clifford N. Sickler, Noble County Prosecuting Attorney, for respondents.
{¶ 42} Finally, this court has many times stated that it avoids construing statutes that lead to illogical or absurd results. State ex rel. Haines v. Rhodes (1958), 168 Ohio St. 165, 5 O.O.2d 467, 151 N.E.2d 716, paragraph two of the syllabus; In re T.R., 120 Ohio St.3d 136, 2008-Ohio-5219, 896 N.E.2d 1003, ¶ 16. Hannum is currently the sheriff of Noble County. By the time the next elected sheriff takes office, Hannum will have been the sheriff for almost two years. But today this court concludes that the Noble County Board of Elections abused its discretion when it certified Hannum’s candidacy for sheriff. This court concludes that a man who has been sheriff since May 2009 is unqualified to be a candidate for sheriff. How is that not an absurd result?
{¶ 43} I conclude that Knowlton failed to establish that the board of elections abused its discretion or clearly disregarded applicable law in determining that Hannum had met the requirements of R.C. 311.01(B)(9). I would deny the writ of prohibition. Because the majority erroneously extends Wellington’s beef to Knowlton’s and thereby precludes the Noble County electorate from the opportunity to reelect their current sheriff, I dissent.