THE STATE EX REL. MILLER ET AL. *v.* WARREN COUNTY BOARD

OF ELECTIONS ET AL.

[Cite as *State ex rel. Miller v. Warren Cty. Bd. of Elections,*

130 Ohio St.3d 24, 2011-Ohio-4623.]

*Elections—Mandamus and Prohibition—Relators have an adequate remedy at law—Writ denied.*

(No. 2011-1469—Submitted September 12, 2011—Decided

September 15, 2011.)

IN PROHIBITION AND MANDAMUS.

_____

**Per Curiam.**

{¶ 1} This is an expedited election action for writs of prohibition and mandamus to prevent a board of elections and its members from certifying a person's candidacy for city council in the November 8, 2011 general election. Because the board did not exercise quasi-judicial authority and relators had an adequate remedy by way of timely statutory protest to raise their claim, relators are not entitled to the requested extraordinary relief in prohibition, and we deny the writ. In addition, because relators' purported mandamus claim is, in essence, a claim for declaratory and prohibitory injunctive relief, we lack jurisdiction over the claim and dismiss it.

**Facts**

{¶ 2} In 1993, the electors of the city of Mason, Ohio, approved Section 3.02(A) of the Mason Charter, which specified term limits for Mason City Council members.

{¶ 3} On February 9, 2009, Mike Gilb was appointed to the Mason City Council to complete an unexpired term, which ended in December 2009. On

November 3, 2009, Gilb resigned as a member of the city council. On November 4, 2009, Gilb was appointed to fulfill a second unexpired term, which ends in December 2011.

{¶ 4} In November 2009, the Mason electorate approved an amendment to the term-limits provision of the city charter, which became effective on January 1, 2010.

{¶ 5} Relators, Francis P. Miller, Thomas E. Anderson, Rickey R. Dotson, and Richard J. Inskeep, are registered voters and residents of Mason. On June 9, 2011, relators sent respondents, the Warren County Board of Elections and its members, a letter claiming that Gilb, who had taken out candidate petitions for the November 8, 2011 general election for Mason City Council, was ineligible because of the term-limit provisions of the Mason Charter.

{¶ 6} The board of elections considered relators' letter at its July 5, 2011 regular meeting. The board determined that "there was no action for [it] to take at this time and there likely would not be any action in the future" because Gilb had not yet filed a petition to be a candidate for any office and "even if there is a filing as the letter anticipates[,] the determination as to whether or not this person can hold the office in question is a separate matter from if the person can run for the office in question."[1] The board opined that it "could not legally keep this person from running even if he were to file petitions, which again, he has not."

{¶ 7} By letter dated July 19, 2011, the director of the board of elections notified relators of the board's decision concerning their letter and concluded, "Should the matter proceed and/or new facts emerge that require the Board to take action they will consult with their statutory coun[sel] (The Warren County

---

1. The board's actions are reflected in a July 19 letter by its director, which were subsequently adopted as an addendum to the board's minutes of its July 5 meeting.

Prosecutor's Office) and the Board will take whatever action they deem appropriate then."

{¶ 8} On August 23, 2011, Gilb filed his nominating petition to be a candidate for Mason City Council at the November 8, 2011 election.

{¶ 9} Instead of filing a written protest with the board of elections against Gilb's petition pursuant to R.C. 3513.263 ("processing of nominating petitions; protests") and 3501.39 ("grounds for rejection of petition"),[2] three days later, on August 26, relators filed this expedited election action. Relators request a writ of prohibition to prevent respondents from certifying Gilb as a candidate for the office of member of the Mason City Council at the November 8, 2011 general election and a writ of mandamus to compel respondents to sustain what relators refer to as their protest. On September 2, the board and its members filed an answer. The parties then filed briefs and evidence pursuant to the court's accelerated schedule for expedited election cases in S.Ct.Prac.R. 10.9.

{¶ 10} This cause is now before the court for our consideration of the merits.

**Legal Analysis**

*Prohibition*

{¶ 11} Relators request a writ of prohibition to prevent respondents from certifying Gilb as a candidate for the Mason City Council at the November 8, 2011 general election.

{¶ 12} To be entitled to the writ of prohibition, relators must establish that (1) the board and its members are about to exercise or have exercised quasi-judicial power, (2) the exercise of that power is unauthorized by law, and (3) denying the writ will result in injury for which no adequate remedy exists in the

---

2. Even if the protest procedure in R.C. 3513.263 and 3501.39(A)(1) were deemed inapplicable to candidates for Mason City Council, because of the abbreviated period in which to submit a protest, a qualified municipal elector could still submit a timely written protest pursuant to R.C. 3501.39(A)(2).

ordinary course of law. *State ex rel. Stewart v. Clinton Cty. Bd. of Elections*, 124 Ohio St.3d 584, 2010-Ohio-1176, 925 N.E.2d 601, ¶ 15; *State ex rel. Murray v. Scioto Cty. Bd. of Elections*, 127 Ohio St.3d 280, 2010-Ohio-5846, 939 N.E.2d 157, ¶ 30.

{¶ 13} Relators cannot establish that the board of elections and its members either have exercised or are about to exercise quasi-judicial power. We have consistently defined quasi-judicial power as " 'the power to hear and determine controversies between the public and individuals that *require* a hearing resembling a judicial trial.' (Emphasis added.)" *State ex rel. Upper Arlington v. Franklin Cty. Bd. of Elections*, 119 Ohio St.3d 478, 2008-Ohio-5093, 895 N.E.2d 177, ¶ 16, quoting *State ex rel. Wright v. Ohio Bur. of Motor Vehicles* (1999), 87 Ohio St.3d 184, 186, 718 N.E.2d 908.

{¶ 14} R.C. 3501.38 specifies certain requirements for declarations of candidacy, nominating petitions, or other petitions "presented to or filed with the secretary of state or a board of elections or with any other public office for the purpose of becoming a candidate for any nomination or office." R.C. 3501.39(A) provides, "The secretary of state or a board of elections shall accept any petition described in section 3501.38 of the Revised Code unless one of the following occurs:

{¶ 15} "(1) A written protest against the petition or candidacy, naming specific objections, is filed, a hearing is held, and a determination is made by the election officials with whom the protest is filed that the petition is invalid, in accordance with any section of the Revised Code providing a protest procedure."

{¶ 16} Although a board of elections exercises quasi-judicial authority in denying timely protests filed pursuant to an applicable statute, see *State ex rel. Varnau v. Wenninger*, 128 Ohio St.3d 361, 2011-Ohio-759, 944 N.E.2d 663, ¶ 13, relators' June 9, 2011 letter challenging Gilb's candidacy was not a proper protest because—as the board of elections determined—it was premature when relators

submitted it to the board of elections. At that time, Gilb had not filed or otherwise presented his petition. See *State ex rel. Knowlton v. Noble Cty. Bd. of Elections*, 125 Ohio St.3d 82, 2010-Ohio-1115, 926 N.E.2d 284, ¶ 11 (statutory protest would have been premature before person had filed declaration of candidacy and nominating petition). Because relators' purported protest was premature, the board was not required to—and in fact did not—conduct a hearing resembling a judicial trial on it.

{¶ 17} Therefore, because no statute or other pertinent law required the board of elections to conduct a hearing resembling a judicial trial when it ruled on relators' June 9, 2011 letter challenging Gilb's candidacy, the board did not exercise quasi-judicial authority. See *State ex rel. LetOhioVote.org v. Brunner*, 125 Ohio St.3d 420, 2010-Ohio-1895, 928 N.E.2d 1066, ¶ 15, 20. On this basis alone, relators are not entitled to the requested writ of prohibition.

{¶ 18} Moreover, relators have not established that they lack an adequate remedy in the ordinary course of law to challenge Gilb's candidacy. Once Gilb filed his petition on August 23, relators could have raised their claims in a timely statutory protest, but they failed to do so. The availability of the protest constituted an adequate remedy in the ordinary course of law that precludes the extraordinary writ of prohibition. *State ex rel. Miller Diversified Holdings, L.L.C. v. Wood Cty. Bd. of Elections*, 123 Ohio St.3d 260, 2009-Ohio-4980, 915 N.E.2d 1187, ¶ 21. That is, in election cases, "a relator must file a [statutory] protest on relevant issues before bringing an action for an extraordinary writ based on those issues. By filing a protest, a relator avoids the charge that he or she has bypassed an adequate legal remedy. Bringing the issue before the board establishes a record from which the court, in a later action for an extraordinary writ, may judge whether the board was affected by fraud or corruption, abused its discretion, or clearly disregarded statutes or other legal provisions. Without the record, there is

no basis for a court to decide these issues." *State ex rel. Shumate v. Portage Cty. Bd. of Elections* (1992), 64 Ohio St.3d 12, 14-15, 591 N.E.2d 1194.

{¶ 19} Consequently, relators cannot establish their entitlement to the requested extraordinary writ of prohibition. Therefore, we deny the writ.

*Mandamus*

{¶ 20} Relators also request a writ of mandamus to compel the board of elections and its members to sustain what relators refer to as their protest to Gilb's candidacy. As noted previously, relators' June 9, 2011 letter was not a proper protest.

{¶ 21} "It is axiomatic that 'if the allegations of a complaint for a writ of mandamus indicate that the real objects sought are a declaratory judgment and a prohibitory injunction, the complaint does not state a cause of action in mandamus and must be dismissed for want of jurisdiction.' " *State ex rel. Obojski v. Perciak*, 113 Ohio St.3d 486, 2007-Ohio-2453, 866 N.E.2d 1070, ¶ 13, quoting *State ex rel. Grendell v. Davidson* (1999), 86 Ohio St.3d 629, 634, 716 N.E.2d 704. "We have applied this jurisdictional rule to expedited election cases by examining the complaint to determine whether it actually seeks to prevent, rather than compel, official action." *State ex rel. Evans v. Blackwell*, 111 Ohio St.3d 437, 2006-Ohio-5439, 857 N.E.2d 88, ¶ 20.

{¶ 22} Although some of the allegations or requests contained in relators' complaint are couched in terms of compelling affirmative duties, they actually seek (1) a declaratory judgment that Gilb's candidacy violates the applicable term-limits provision of the Mason Charter and (2) a prohibitory injunction preventing Gilb from appearing as a candidate for the Mason City Council on the November 8 election ballot. The relief sought by relators is comparable to the relief sought by relators in other election cases in which we have held that the court lacked jurisdiction over mandamus claims to remove candidates' names from the ballot. See generally *State ex rel. Reese v. Cuyahoga Cty. Bd. of*

6

*Elections*, 115 Ohio St.3d 126, 2007-Ohio-4588, 873 N.E.2d 1251, ¶ 14, and cases cited therein.

{¶ 23} Therefore, because relators actually request relief in the nature of a declaratory judgment and a prohibitory injunction, we lack jurisdiction to consider the merits of their mandamus claim and dismiss it.

## Conclusion

{¶ 24} Based on the foregoing, we deny relators' prohibition claim because they have failed to establish their entitlement to the requested extraordinary relief.  In addition, we dismiss relators' mandamus claim for lack of jurisdiction.

Judgment accordingly.

O'CONNOR, C.J., and PFEIFER, LUNDBERG STRATTON, O'DONNELL, LANZINGER, CUPP, and MCGEE BROWN, JJ., concur.

_____

Francis P. Miller, Thomas E. Anderson, Rickey R. Dotson, and Richard J. Inskeep, pro se.

David P. Fornshell, Warren County Prosecuting Attorney, and Keith W. Anderson, Assistant Prosecuting Attorney, for respondents.

_____