[Cite as *State ex rel. Steffen v. Myers*, 2014-Ohio-2162.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO


| | | |
|---|---|---|
| STATE EX REL. DAVID J. STEFFEN, | : | CASE NO. C-130550 |
| Relator, | : | |
| | | *O P I N I O N.* |
| vs. | : | |
| BETH A. MYERS, JUDGE, HAMILTON COUNTY COMMON PLEAS COURT, | : | |
| | : | |
| Respondent. | : | |


Original Action in Prohibition

Judgment of the Court:  Complaint for Writ of Prohibition Dismissed

Date of Judgment Entry:  May 21, 2014


*Randall L. Porter*, Assistant Ohio Public Defender, *Shawn P. Welch*, Assistant Ohio Public Defender, and *Massimino M. Ionna*, for Relator,

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Philip R. Cummings*, Assistant Prosecuting Attorney, for Respondent.

**FISCHER, Judge.**

{¶1}   The relator, David J. Steffen, has filed a complaint for a writ of prohibition to prevent the respondent, Judge Beth A. Myers, from resentencing him under R.C. 2929.06(B) for aggravated murder, after she had vacated the death sentence imposed for that offense.  We dismiss the complaint.

### *Steffen's Convictions*

{¶2}   On August 19, 1982, Karen Range was found in her home, dead from slashing wounds to her throat.  Her blouse and bra had been ripped apart to expose her breasts, and the crotch of her shorts had been torn.  An autopsy disclosed semen and sperm in and around her vagina and in the crotch of her underwear.

{¶3}   Steffen ultimately confessed to killing Range.  And he admitted that he had torn her clothes.  But he insisted, and consistently maintained, that his attempt at vaginal intercourse with Range after she was dead had been thwarted by his inability to get an erection.

{¶4}   Steffen was indicted for rape in violation of R.C. 2907.02, aggravated burglary in violation of R.C. 2911.11, and aggravated murder in violation of R.C. 2903.01.  The aggravated-burglary count charged that he had entered Range's residence with the purpose to commit rape.  The aggravated-murder count was accompanied by two death-eligible specifications, charging that the murder had occurred while Steffen was committing or attempting to commit rape and while he was committing or attempting to commit aggravated burglary.

{¶5}   The charges were tried to a jury in April 1983.  The jury found Steffen guilty as charged and recommended that he be sentenced to death for aggravated murder.  The trial court adopted the jury's recommendation and imposed the death

penalty for aggravated murder. And the court imposed consecutive prison sentences of seven to 25 years each for rape and aggravated burglary.

{¶6} Steffen unsuccessfully challenged his convictions in appeals to this court, the Ohio Supreme Court, and the United States Supreme Court, *State v. Steffen*, 1st Dist. Hamilton No. C-830445, 1985 Ohio App. LEXIS 9575 (Dec. 11, 1985), *affirmed,* 31 Ohio St.3d 111, 509 N.E.2d 383 (1987), *certiorari denied,* 485 U.S. 916, 108 S.Ct. 1089, 99 L.Ed.2d 250 (1988), and in two postconviction petitions. *See State v. Steffen*, 1st Dist. Hamilton No. C-930351, 1994 Ohio App. LEXIS 1973 (May 11, 1994), *appeal dismissed,* 69 Ohio St.3d 1492, 635 N.E.2d 381 (1994); *State v. Steffen*, 1st Dist. Hamilton No. C-900596, 1991 Ohio App. LEXIS 3718 (Aug. 7, 1991), *appeal dismissed,* 62 Ohio St.3d 1494, 583 N.E.2d 966 (1992). His federal habeas corpus petition remains pending.

## Newly Discovered Evidence

{¶7} In 2006, Steffen learned that DNA testing had excluded him as the source of the sperm found in Range's vagina. And a former Hamilton County morgue employee subsequently confessed to, and was ultimately convicted of abuse of a corpse for, being the source of that sperm. Based on that newly discovered evidence, Steffen moved under Crim.R. 33(A)(6) for a new trial.

{¶8} In August 2013, Judge Myers entered her decision denying a retrial of Steffen's guilt of the offenses, but granting resentencing for aggravated murder. The judge's disposition in each instance turned on whether the newly discovered evidence could be said to disclose a strong probability of a different result. *See State v. Petro*, 148 Ohio St. 505, 76 N.E.2d 370 (1947), syllabus. Thus, while the newly discovered evidence disproved rape, the judge, on the authority of Crim.R. 33(A)(4), modified the rape verdict to accord with her finding that the evidence supported a

verdict of attempted rape. The judge denied retrial of the aggravated-burglary charge upon her finding that proof that Steffen had not raped Range did not disprove that his purpose in entering the residence had been to rape her. And the judge denied retrial of the aggravated-murder charge upon her finding that evidence proving attempted rape and aggravated burglary also proved the death-eligible specifications. But the judge ordered resentencing pursuant to R.C. 2929.06(B) for aggravated murder, because she found that the jury, the trial court, and the appellate courts had all "based their recommendations and conclusions * * * on a finding" that Steffen had raped Range and had been lying when he denied it, and that that finding had effectively been "the difference between life and death."

{¶9} Both the state of Ohio and Steffen challenged Judge Myers's decision in appeals to this court, which were ultimately dismissed, and in an array of motions. The state, in motions filed in November 2010 and June 2011, and Steffen, in a motion filed in May 2013, challenged Judge Myers's jurisdiction to resentence Steffen for aggravated murder under R.C. 2929.06(B). The statute, by its express terms, authorizes a trial court to impanel a new jury, conduct a new sentencing hearing, and impose a death sentence, only when a capital offender's death sentence has been vacated "because of an error that occurred in the sentencing phase of the trial." And Steffen's death sentence, they insisted, had not been vacated "because of an error that occurred in the sentencing phase of the trial," but because of newly discovered evidence. Therefore, the state asked Judge Myers to instead "reweigh" the evidence and determine whether the death penalty is appropriate, without submitting the matter to a jury or conducting a new sentencing hearing. And Steffen asked the judge to enter an order precluding the state from seeking the death penalty when he is resentenced.

4

{¶10}   Judge Myers declined the state's invitation in its motions to reconsider her decision to grant a new sentencing hearing pursuant to R.C. 2929.06(B).   And in overruling Steffen's motion, Judge Myers rejected Steffen's challenge to her jurisdiction under R.C. 2929.06(B) to again impose a sentence of death.

### Writ of Prohibition

{¶11}   In August 2013, Steffen here filed his complaint seeking a writ prohibiting Judge Myers from exercising the authority conferred by R.C. 2929.06(B) to "seat[] a jury that can consider recommending a sentence of death."   Because Steffen has an adequate remedy at law by way of an appeal, we dismiss his complaint.

{¶12}   A writ of prohibition is an extraordinary remedy.   Its purpose is not to prevent or correct an error by a court in the exercise of its subject-matter jurisdiction, but to prevent a court from exercising jurisdiction that it does not have. *State ex rel. Garrison v. Brough*, 94 Ohio St. 115, 113 N. E. 683 (1916), paragraphs one and two of the syllabus.

{¶13}   Article IV, Section 3(B)(1)(d) of the Ohio Constitution confers upon a court of appeals original jurisdiction to issue a writ of prohibition.   The writ may issue only upon proof that the court or officer against whom the writ is sought is about to exercise judicial or quasi-judicial power, that the exercise of that power is unauthorized by law, and that denying the writ will result in injury for which there is no adequate remedy at law.   *State ex rel. Nolan v. Clendening*, 93 Ohio St. 264, 270-271, 112 N.E. 1029 (1915).

{¶14}   A writ of prohibition is not intended as a substitute for an appeal. *State ex rel. Frasch v. Miller*, 126 Ohio St. 287, 185 N.E. 193 (1933), paragraph one of

the syllabus. A common pleas court, as a court of general jurisdiction, has the authority to determine its own jurisdiction, and a party challenging the court's jurisdiction has an adequate remedy at law by appeal. *State ex rel. Enyart v. O'Neill*, 71 Ohio St.3d 655, 656, 646 N.E.2d 1110 (1995); *State ex rel. Mansfield Tel. Co.* v. *Mayer*, 5 Ohio St.2d 222, 223, 215 N.E.2d 375 (1966). But the availability and adequacy of a remedy in the form of an appeal is immaterial, and prohibition will lie to correct or prevent action by a court, when the court patently and unambiguously lacks jurisdiction. *State ex rel. Adams v. Gusweiler*, 30 Ohio St.2d 326, 329, 285 N.E.2d 22 (1972).

{¶15} An action in prohibition is civil in nature. *See State ex rel. Scripps Media, Inc. v. Hunter*, 1st Dist. Hamilton No. C-130241, 2013-Ohio-5895, ¶ 31, citing Civ.R. 1(A) and 1(C). Therefore, a complaint for a writ of prohibition may be decided upon a Civ.R. 56 motion for summary judgment. *Scripps Media* at ¶ 31. Or it may be dismissed under Civ.R. 12. *State ex rel. Bell v. Pfeiffer*, 131 Ohio St.3d 114, 2012-Ohio-54, 961 N.E.2d 181, ¶ 12. A prohibition action is subject to dismissal under Civ.R. 12(B)(6), when the relator has an adequate remedy at law, and the court does not patently and unambiguously lack jurisdiction. *State ex rel. Snead v. Ferenc*, 138 Ohio St.3d 136, 2014-Ohio-43, ____ N.E.2d ____, ¶ 11; *State ex rel. Halliday v. Court of Appeals*, 134 Ohio St. 191, 191-192, 16 N.E.2d 260 (1938); *State ex rel. Wehrung v. Dinkelacker*, 1st Dist. Hamilton No. C-000449, 2000 Ohio App. LEXIS 4722 (Oct. 13, 2000).

### *An Adequate Remedy by Appeal*

{¶16} R.C. 2929.06(B) provides in relevant part as follows:

Whenever any court of this state * * * sets aside, nullifies, or vacates a sentence of death imposed upon an offender because of error that

occurred in the sentencing phase of the trial * * *, the trial court that sentenced the offender shall conduct a new hearing to resentence the offender. If the offender was tried by a jury, the trial court shall impanel a new jury for the hearing. * * * At the hearing, the court * * * shall follow the procedure set forth in division (D) of section 2929.03 of the Revised Code in determining whether to impose upon the offender a sentence of death, a sentence of life imprisonment, or an indefinite term consisting of a minimum term of thirty years and a maximum term of life imprisonment.

Judge Myers is a common pleas court judge with general subject-matter jurisdiction. She, therefore, has the authority to determine, as she determined in granting a new sentencing hearing and in overruling Steffen's May 2013 motion, that R.C. 2929.06(B) confers upon her the jurisdiction to conduct a new sentencing hearing, to impanel a new jury for that hearing, and to ultimately impose upon Steffen a sentence of death. If Judge Myers is mistaken in that determination, Steffen has an adequate remedy at law by means of an appeal to this court from the judgment of conviction entered after he is resentenced.

{¶17}   Because Steffen has an adequate remedy at law, Judge Myers asks us to dismiss his complaint. Steffen contends that prohibition lies because Judge Myers patently and unambiguously lacks jurisdiction to proceed under the statute, when his death sentence was not vacated "because of error that occurred in the sentencing phase of the trial."

### *Legislative Intent*

{¶18}   In *State v. White*, 132 Ohio St.3d 344, 2012-Ohio-2583, 972 N.E.2d 534, the Ohio Supreme Court examined the General Assembly's purpose in using the

7

words "because of error that occurred in the sentencing phase of the trial." The court had, in its 1987 decision in *State v. Penix*, 32 Ohio St.3d 369, 513 N.E.2d 744 (1987), held that because a death sentence could be imposed only upon the recommendation of the same jury that had found a capital offender guilty, a trial court could not impanel a new jury to resentence, nor could the trial court again sentence to death, an offender whose death sentence had been vacated for error during the penalty-phase of his trial. *Id.* at 372-373. In response to *Penix*, the General Assembly in 1996 enacted R.C. 2929.06(B), authorizing the trial court to impanel a new jury, conduct a new sentencing hearing, and reconsider all possible sentences, including death, when a death sentence has been vacated "because of error that occurred in the sentencing phase of the trial."

{¶19} White urged a narrow reading of the statute, asserting that the trial court had no authority to resentence him to death under R.C. 2929.06(B), when his death sentence had been vacated not "because of error that occurred in the sentencing phase of the trial," but for error during jury selection. The Supreme Court characterized as "odd" the "dichotomy" that would be created by White's proposed reading of the statute, "between sentencing-phase errors that invalidate a death sentence without affecting the conviction and errors having precisely the same effect but that happen to occur at some other point during the proceedings." *White* at ¶ 23. The "evident * * * intent of R.C. 2929.06(B)," the court declared, "was to abrogate *Penix* and to make all capital offenders whose death sentences are set aside eligible for a death sentence on resentencing." *Id.* at ¶ 21. Finding White's proposed "distinction * * * completely arbitrary" and contrary to the statute's legislative purpose, the court declined to read the statute to "treat resentenced capital offenders differently based on *when* the error that invalidated the death sentence occurred."

(Emphasis in original.) *Id.* at ¶ 23-25.  Thus, the court held that "R.C. 2929.06(B) applies where an aggravated-murder conviction with a death specification has been affirmed, but the death sentence has been set aside for legal error, when the error infects and thus invalidates the sentencing phase of the trial."  *Id.* at paragraph one of the syllabus.

{¶20}  While the court in *White* decided that, for purposes of R.C. 2929.06(B), a distinction may not be drawn based on *"when* [during the trial] the error that invalidated the death sentence occurred," the court did not definitively decide the issue that Steffen poses here:  whether, for purposes of the statute, a distinction may be drawn based on *why* the death sentence was vacated.

{¶21}  On the issue of what constitutes "error" for purposes of R.C. 2929.06(B), the Ohio Supreme Court's 2006 decision in *State v. Hancock*, 108 Ohio St.3d 57, 2006-Ohio-160, 840 N.E.2d 1032, is instructive.  In *Hancock*, the court vacated a death sentence upon its determination that "the jury's recommendation of death [had been] tainted by its exposure, during penalty-phase deliberations, to evidence that the trial court had reasonably excluded from that phase."  *Id.* at ¶ 133. The court observed that "[t]he central task of the jury in the penalty phase of a capital case is to 'determine whether the aggravating circumstances the offender was found guilty of committing are sufficient to outweigh the mitigating factors present in the case.' "  *Id.* at ¶ 131, quoting R.C. 2929.03(D)(2).  The court held that because the jury's consideration of excluded evidence had prevented it from properly performing its statutorily assigned task, its recommendation could not serve as the basis for a death sentence.  *Id.* at ¶ 133.  And the court remanded the case for resentencing under R.C. 2929.06(B), upon its determination that, for purposes of the statute, "the erroneous introduction of excluded evidence into the jury's sentencing

deliberations" constituted "error that occurred in the sentencing phase of the trial." *Id.* at ¶ 136.

### *Summary Judgment is Denied and Dismissal is Granted*

{¶22} We conclude that Steffen's complaint for a writ of prohibition is subject to dismissal under Crim.R. 12(B)(6), because he has an adequate remedy at law by way of appeal, and because we cannot say that Judge Myers patently and unambiguously lacks jurisdiction to proceed under R.C. 2929.06(B).

{¶23} The statute, by its terms, authorizes a new jury, new sentencing hearing, and death sentence, when a death sentence has been vacated "because of error that occurred in the sentencing phase of the trial." Judge Myers, in granting Steffen a new sentencing hearing and in overruling the subsequent motions of Steffen and the state, determined that she had the authority to resentence Steffen pursuant to the statute. The judge's determination is supported by the Supreme Court's broad statement in *White* that the legislative intent underlying the statute was "to make all capital offenders whose death sentences are set aside eligible for a death sentence on resentencing." *White*, 132 Ohio St.3d 344, 2012-Ohio-2583, 972 N.E.2d 534, at ¶ 21. Her determination also finds support in the court's holding in *White* that the statute applies when a death sentence has been vacated for error that did not occur during sentencing, but that "infect[ed] and thus invalidate[d] the sentencing phase of the trial." *Id.* at paragraph one of the syllabus. And it finds support in the court's holding in *Hancock* that the statute applies when the jury's consideration of improper evidence prevented it from properly performing its statutorily assigned task in weighing the mitigating factors against the aggravating circumstances. *See Hancock* at ¶ 131-133, citing R.C. 2929.03(D)(2).

10

{¶24}   The task of weighing the mitigating factors against the aggravating circumstances falls not just to the jury in recommending a death sentence, but also to the trial court in determining whether to accept the jury's recommendation and to the reviewing courts in conducting their independent review.  *See* R.C. 2929.03(F) and 2929.05(A).  Judge Myers vacated Steffen's death sentence because the evidence adduced at trial that tended to show that Steffen had raped, and had lied about raping, Range had, for the jury, trial court, and reviewing courts, tipped the balance in favor of the death penalty, and that evidence had been shown by the newly discovered evidence to be misleading.  In light of the Ohio Supreme Court's decisions in *White* and *Hancock*, consideration by the jury, the trial court, and the reviewing courts of misleading evidence that prevented them from properly performing their statutorily assigned tasks may fairly be said to have been "the error that occurred in the sentencing phase of the trial" for which Steffen's death sentence was vacated.  Therefore, we cannot say that Judge Myers patently and unambiguously lacks jurisdiction to now proceed under R.C. 2929.06(B).

{¶25}   Because Judge Myers does not patently and unambiguously lack jurisdiction, and because Steffen has an adequate remedy at law, we hold that he is not entitled to relief in prohibition.  Accordingly, we deny his motion for summary judgment.  And we grant Judge Myers's motion to dismiss his complaint.

*Complaint for writ of prohibition dismissed.*

CUNNINGHAM, P.J., and DEWINE, J., concur.

Please note:

The court has recorded its own entry this date.