THE STATE EX REL. STEFFEN, APPELLANT, *v.* MYERS, JUDGE, APPELLEE.

[Cite as *State ex rel. Steffen v. Myers,* 143
Ohio St.3d 430, 2015-Ohio-2005.]

(No. 2014–1101—Submitted February 24, 2015—Decided May 27, 2015.)

---

**Per Curiam.**

{¶ 1} Appellant, David J. Steffen, appeals from the decision of the First District Court of Appeals dismissing his complaint for a writ of prohibition against Judge Beth A. Myers. Steffen, whose 1983 death sentence has been set aside by Judge Myers, contends that she lacks jurisdiction to hold a resentencing hearing under R.C. 2929.06(B), which allows for the reimposition of the death penalty. For the reasons set forth below, we affirm the judgment of the court of appeals.

**Facts**

*A. Underlying Criminal Conviction*

{¶ 2} In August 1982, 19–year–old Karen Range was found murdered in the bathroom of her parents' Cincinnati, Ohio home. *State v. Steffen,* 31 Ohio St.3d 111, 112, 509 N.E.2d 383 (1987). Forensic tests revealed the presence of semen and sperm around the victim's vaginal area as well as in her underwear. *Id.* at 118, fn. 11. Steffen confessed to killing Range, but consistently denied raping her. *Id.* at 112–113, 117–118.

{¶ 3} At Steffen's capital-murder trial, evidence of tests conducted on the semen found in the victim was admitted. The tests failed to exclude Steffen as the source of the semen and sperm. *Id.* at 118, fn. 11. The jury found Steffen

guilty of aggravated murder, rape, and aggravated burglary. *Id.* at 113. The aggravated-murder charge carried two capital specifications: (1) that, as the principal offender, Steffen murdered Range while committing or attempting to commit rape and (2) that, as the principal offender, he murdered Range while committing or attempting to commit aggravated burglary. The jury recommended that Steffen be sentenced to death, and the trial court accepted the jury's recommendation. *Id.* Steffen's conviction and sentence were affirmed on direct appeal. *State v. Steffen,* 1st Dist. Hamilton No. C–830445, 1985 WL 4301 (Dec. 11, 1985). And we affirmed the judgment of the court of appeals. 31 Ohio St.3d 111, 509 N.E.2d 383.

### B.   Motion for New Trial

{¶ 4} In 2006, DNA testing was performed on the vaginal swabs from the rape kit. The DNA Diagnostics Center concluded that the Y–STR DNA profiles of Karen Range "d[id] not match" the Y–STR DNA profile of David Steffen. Thus, more than 20 years after his conviction, tests conclusively excluded Steffen as a contributor of the DNA obtained from the swabs.

{¶ 5} On August 3, 2006, Steffen filed a motion for a new trial based on newly discovered evidence under Crim.R. 33(A)(6), with the DNA testing results attached. Supplemental DNA testing was performed in March 2007, and the results were the same. Steffen filed an amended motion for a new trial with the supplemental report attached and argued that the DNA test results undermined forensic and other testimony from the guilt phase of his capital-murder trial.

{¶ 6} On February 17, 2009, the trial court ruled on Steffen's new-trial motion. Citing Crim.R. 33(A)(4), which allows a court to modify a conviction shown to have been based on insufficient evidence, the court reduced Steffen's conviction for rape to attempted rape, based on his admission that he tried to rape Range but failed to complete the act. The trial court denied Steffen's new-trial motion as to the guilt phase, but granted it as to the sentencing phase. The court ordered a resentencing hearing pursuant to R.C. 2929.06(B), which requires the trial court to conduct a new hearing with a new jury to resentence the offender when the death sentence has been set aside "because of error that occurred in the sentencing phase of the trial."[1] The statute permits the reimposition of the death sentence.

---

1. In 2009, the state of Ohio attempted to appeal the trial court's ruling granting Steffen's new-trial motion as to the penalty phase. The appellate court denied Steffen's motion to dismiss the state's appeal, holding that the state's failure to file a motion for leave to appeal was not fatal, as the appeal was taken as a matter of right. Steffen then filed an original action in this court seeking a writ of prohibition to preclude the appellate court from considering the state's appeal. This court granted the writ and held that the state could not appeal as of right the decision granting a new

{¶ 7} The parties disagreed over the appropriate remedy once the trial court granted the new sentencing hearing. Steffen filed a motion to preclude reimposition of the death penalty, arguing that the trial court could not conduct a resentencing hearing under R.C. 2929.06(B) because that section applies only when a death sentence is vacated due to "error" in the sentencing phase. Steffen claimed that the trial court ordered a new sentencing hearing not because of an error, but because of new evidence discovered after trial. He claimed that the trial court therefore lacked jurisdiction to impanel a jury that could again consider the death penalty and that the trial court should simply impose a sentence less than death. The state agreed that R.C. 2929.06(B) was inapplicable because no error was found to have occurred in the sentencing phase, but insisted that death could still be reimposed and that the appropriate remedy was for the trial court to independently reweigh the remaining aggravating factors against the mitigating factors established during Steffen's 1982 trial, without holding a new sentencing hearing.

{¶ 8} The trial court disagreed with both parties, and in an August 1, 2013 decision, held that our decision in *State v. White*, 132 Ohio St.3d 344, 2012-Ohio-2583, 972 N.E.2d 534, applied to Steffen's case and allowed the court to hold a new capital sentencing hearing. In *White*, this court held that "the intent of R.C. 2929.06(B) was * * * to make all capital offenders whose death sentences are set aside eligible for a death sentence on resentencing." *Id.* at ¶ 21. Judge Myers rejected the argument, made by both parties, that there had been no finding of error in the sentencing phase. The error that occurred was "an assumption and reliance on evidence that the semen found in the victim was Defendant's."

## C. Prohibition Proceedings

{¶ 9} On August 28, 2013, Steffen filed a complaint for a writ of prohibition in the First District Court of Appeals to prohibit the trial court from holding a resentencing hearing under R.C. 2929.06(B) in which the death penalty could be reimposed. According to Steffen, the trial court's decision granting a new sentencing hearing was not based on the existence of any legal error, but rather upon newly discovered evidence not available at the time of trial, and therefore, R.C. 2929.06(B) did not apply.

{¶ 10} The First District dismissed Steffen's complaint, holding that he has an adequate remedy in the ordinary course of law by way of appeal after resentencing and that Judge Myers does not patently and unambiguously lack jurisdiction to proceed under R.C. 2929.06(B). 2014-Ohio-2162, 2014 WL 2158980, ¶ 22. The court of appeals reasoned that the new DNA evidence excluding Steffen as the

---

penalty-phase trial. *State ex rel. Steffen v. Court of Appeals, First Appellate Dist.*, 126 Ohio St.3d 405, 2010-Ohio-2430, 934 N.E.2d 906, ¶ 35.

source of the semen meant that the jury in the sentencing phase of his original capital case had considered misleading evidence that prevented it from properly performing its statutorily assigned task in weighing the mitigating factors against the aggravating circumstances. This error had " 'infect[ed] and thus invalidate[d] the sentencing phase' " of Steffen's trial. (Brackets sic.) *Id.* at ¶ 23, quoting *White,* 132 Ohio St.3d 344, 2012-Ohio-2583, 972 N.E.2d 534, ¶ 21. The court of appeals concluded that under *White,* the trial court had jurisdiction to hold a capital resentencing hearing under R.C. 2929.06(B), 2014-Ohio-2162, 2014 WL 2158980, at ¶ 23, and that Steffen could raise any error flowing from that resentencing in an appeal, *id.* at ¶ 16.

{¶ 11} Steffen timely appealed to this court.

## Legal analysis

{¶ 12} "A writ of prohibition is an extraordinary remedy that is granted in limited circumstances with great caution and restraint." *State ex rel. Corn v. Russo,* 90 Ohio St.3d 551, 554, 740 N.E.2d 265 (2001). To be entitled to a writ of prohibition in this case, Steffen must demonstrate that (1) Judge Myers is about to exercise or has exercised judicial power, (2) the exercise of that power is unauthorized by law, and (3) denying the writ would result in injury for which no other adequate remedy exists in the ordinary course of law. *State ex rel. Bell v. Pfeiffer,* 131 Ohio St.3d 114, 2012-Ohio-54, 961 N.E.2d 181, ¶ 18; *State ex rel. Miller v. Warren Cty. Bd. of Elections,* 130 Ohio St.3d 24, 2011-Ohio-4623, 955 N.E.2d 379, ¶ 12.

{¶ 13} However, the availability of an alternate remedy does not defeat an application for a writ if the lack of jurisdiction is patent and unambiguous. *State ex rel. Cleveland Elec. Illum. Co. v. Cuyahoga Cty.,* 88 Ohio St.3d 447, 449, 727 N.E.2d 900 (2000), citing *State ex rel. Ohio Edison Co. v. Parrott,* 73 Ohio St.3d 705, 707, 654 N.E.2d 106 (1995). We have found a patent and unambiguous lack of jurisdiction, for example, when a common pleas court attempts to exercise jurisdiction over a public-utilities complaint, over which this court and the Public Utilities Commission of Ohio have exclusive jurisdiction. *Cleveland Elec. Illum. Co.* at 452.

{¶ 14} Steffen has met the first requirement for a writ of prohibition: the record unequivocally demonstrates that Judge Myers was about to exercise jurisdiction by holding a capital resentencing hearing under R.C. 2929.06(B) in Steffen's case. However, Steffen must also demonstrate either that (1) Judge Myers's exercise of jurisdiction is not authorized by law and Steffen lacks redress through an adequate remedy in the ordinary course of law or (2) Judge Myers patently and unambiguously lacks jurisdiction. *Pfeiffer* at ¶ 18; *State ex rel. Furnas v. Monnin,* 120 Ohio St.3d 279, 2008-Ohio-5569, 898 N.E.2d 573, ¶ 11.

### A. Threshold Issue

{¶ 15} At the outset, Steffen argues that we need not reach the issue of the applicability of R.C. 2929.06(B) to his case. He contends that the issue was twice conceded by the state in its opposition to his motion for a new trial. The state of Ohio conceded that Judge Myers lacked jurisdiction to hold a resentencing hearing under R.C. 2929.06(B) because her decision was not premised on a finding of "error," which is a prerequisite to ordering resentencing under R.C. 2929.06(B). Steffen contends that the state should be bound by those concessions and that the court of appeals improperly ignored them. He cites no authority for this argument.

{¶ 16} Regardless of whether the state may be, in effect, estopped from arguing against its own concession, no court may be bound by any agreement, stipulation, or concession from the parties as to what the law requires. *State ex rel. Finkbeiner v. Lucas Cty. Bd. of Elections,* 122 Ohio St.3d 462, 2009-Ohio-3657, 912 N.E.2d 573, ¶ 18 ("this court is not bound by the parties' stipulation on [a] legal issue"). The applicability of R.C. 2929.06(B) was a legal issue to be determined by the court. Steffen's suggestion that the jurisdictional issue has already been settled because the state conceded that jurisdiction was lacking is without foundation.

### B. Prohibition

{¶ 17} In Ohio, common pleas courts are vested with original jurisdiction over all crimes and offenses. R.C. 2931.03. In addition, a trial court possesses the requisite jurisdiction to consider and rule upon a capital defendant's motion for a new trial based on newly discovered evidence, as long as the specific claim has not been previously raised and decided. *State v. Davis,* 131 Ohio St.3d 1, 2011-Ohio-5028, 959 N.E.2d 516, ¶ 37. Absent a patent and unambiguous lack of jurisdiction, a court having general subject-matter jurisdiction can determine its own jurisdiction, and a party challenging the court's jurisdiction has an adequate remedy by way of appeal. *State ex rel. Enyart v. O'Neill,* 71 Ohio St.3d 655, 656, 646 N.E.2d 1110 (1995), citing *Worrell v. Athens Cty. Court of Common Pleas,* 69 Ohio St.3d 491, 495–496, 633 N.E.2d 1130 (1994), and *State ex rel. Sanquily v. Lucas Cty. Court of Common Pleas,* 60 Ohio St.3d 78, 573 N.E.2d 606 (1991).

{¶ 18} As a common pleas court judge, Judge Myers had jurisdiction to consider and rule upon Steffen's motion for a new trial, which she did by partially granting it under Crim.R. 33(A)(4). Under that rule, she was authorized to modify Steffen's rape conviction to attempted rape and to "pass sentence" on the modified charge. Accordingly, Judge Myers was authorized by law to determine that R.C. 2929.06(B) grants her the jurisdiction to hold a capital-resentencing hearing, to seat a new jury for that purpose, and ultimately, to impose a sentence of death upon Steffen consistent with the jury's determination. Steffen's argu-

ment that Judge Myers's decision on his new-trial motion was not "premised on the existence of error" is unavailing. In granting in part his new-trial motion, and after discussing the trial evidence in detail, Judge Myers specifically found:

> Because the jury, the trial court, and the appellate courts all based their recommendations and conclusions as to the death penalty on a finding that Defendant· raped the victim and was lying when he said he did not, Defendant's motion for a new trial is granted as to the penalty phase.

And in her decision denying Steffen's motion to preclude reimposition of the death penalty, Judge Myers further explained that she "allowed a new sentencing hearing based on DNA evidence which shows an error occurred [at his original trial]—an assumption and reliance on evidence that the semen found in the victim was Defendant's."

{¶ 19} Judge Myers's conclusion that her ruling was premised on an error within the scope of R.C. 2929.06(B) is also supported by the commonly accepted definition of the term "error": "[a] mistake of law or of fact in a tribunal's judgment, opinion, or order." *Black's Law Dictionary* 659 (10th Ed.2014). And we have "often applied definitions from Black's Law Dictionary to determine the meaning of undefined statutory language." *State ex rel. Turner v. Eberlin,* 117 Ohio St.3d 381, 2008-Ohio-1117, 884 N.E.2d 39, ¶ 16, citing *State ex rel. Citizens for Open, Responsive & Accountable Govt. v. Register,* 116 Ohio St.3d 88, 2007-Ohio-5542, 876 N.E.2d 913, ¶ 30, and *State ex rel. Musial v. N. Olmsted,* 106 Ohio St.3d 459, 2005-Ohio-5521, 835 N.E.2d 1243, ¶ 23–24. Our decision in *White* further establishes that R.C. 2929.06(B)'s language "includes all errors that cause the death penalty to be set aside without affecting the guilt-phase verdict." *White,* 132 Ohio St.3d 344, 2012-Ohio-2583, 972 N.E.2d 534, ¶ 22. Accordingly, Judge Myers was authorized by law to hold a capital resentencing hearing, at which a new jury will hear evidence and decide the appropriate sentence, be that death or a life sentence. R.C. 2929.06(B). Steffen has not satisfied the second prong of the test applicable to prohibition actions. Because we have found that Judge Myers was authorized by law to hold a capital resentencing hearing in this case, it is not necessary to address the third prong of the test applicable to prohibition actions.

## Conclusion

{¶ 20} For the reasons outlined above, we affirm the decision of the court of appeals dismissing Steffen's complaint. Steffen has not demonstrated that the

trial court patently and unambiguously lacked jurisdiction to hold a capital resentencing hearing under R.C. 2929.06(B).

{¶ 21} Based on the foregoing, we affirm the judgment of the court of appeals.

Judgment affirmed.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

---

Timothy Young, Ohio Public Defender, and Randall L. Porter and Shawn P. Welch, Assistant State Public Defenders; and Massimino Ionna, for appellant.

Joseph T. Deters, Hamilton County Prosecuting Attorney, and Philip R. Cummings, Assistant Prosecuting Attorney, for appellee.