[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Peterson v. McClelland,* Slip Opinion No. 2017-Ohio-6922.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2017-OHIO-6922

THE STATE EX REL. PETERSON, APPELLANT, *v.* MCCLELLAND, JUDGE, APPELLEE.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Peterson v. McClelland,* Slip Opinion No. 2017-Ohio-6922.]**

*Mandamus and prohibition—Mandamus claim barred by res judicata—Prohibition claim without merit because judge did not exceed his jurisdiction—Court of appeals' judgment denying writs of mandamus and prohibition affirmed.*

(No. 2016-0741—Submitted May 2, 2017—Decided July 26, 2017.)

APPEAL from the Court of Appeals for Cuyahoga County,

No. 103918, 2016-Ohio-1549.

_____

**Per Curiam.**

{¶ 1} We affirm the judgment of the Eighth District Court of Appeals denying appellant Damien L. Peterson's petition for writs of mandamus and prohibition.

*Background*

{¶ 2} In 2006, Peterson was convicted in Cuyahoga County Common Pleas Court of aggravated robbery, felonious assault, and having a weapon while under disability. In 2014, appellee, Judge Robert C. McClelland, granted Peterson's motion for judicial release and placed him on community control for a period of two years.

{¶ 3} The state appealed from the judgment granting Peterson judicial release, and in March 2015, the Eighth District Court of Appeals reversed the trial court's judgment, holding that the trial court had failed to make the statutory findings required by R.C. 2929.20(J) before granting judicial release. *State v. Peterson*, 8th Dist. Cuyahoga No. 101727, 2015-Ohio-1152. However, on May 8, 2015, the trial court revoked Peterson's judicial release and ordered him to serve the remainder of his 12-year prison sentence. The trial court then filed an entry stating, "The order of the court of appeals has been rendered moot. Defendant violated the terms of probation for his judicial release and was sentenced to serve the remainder of his prison sentence."

{¶ 4} In 2015, Peterson filed a petition for a writ of mandamus in this court, and we dismissed it. *State ex rel. Peterson v. McClelland*, 143 Ohio St.3d 1540, 2015-Ohio-4633, 40 N.E.3d 1178. Peterson then sought writs of mandamus and prohibition in the court of appeals to compel Judge McClelland to comply with the prior appellate judgment reversing the grant of judicial release and to prevent him from exercising jurisdiction in his criminal case. He argues that because Judge McClelland failed to follow the appellate court's remand order, his entry finding that Peterson violated the terms of his community control and returning him to prison is void. The court of appeals granted Judge McClelland's motion for summary judgment, thereby denying Peterson's petition for writs of mandamus and prohibition. Peterson's appeal from that judgment is before us.

*Analysis*

**{¶ 5}** To be entitled to extraordinary relief in mandamus, Peterson must establish a clear legal right to the requested relief, a clear legal duty on the part of Judge McClelland to provide it, and the lack of an adequate remedy in the ordinary course of the law. *State ex rel. Waters v. Spaeth*, 131 Ohio St.3d 55, 2012-Ohio-69, 960 N.E.2d 452, ¶ 6. He must prove his entitlement to the writ by clear and convincing evidence. *Id*. at ¶ 13.

**{¶ 6}** The court of appeals correctly held that Peterson's mandamus claim is barred by res judicata because the petition for a writ of mandamus that Peterson filed in this court prior to filing his petition for a writ of mandamus in the court of appeals sought the same relief, and we granted Judge McClelland's motion to dismiss in that case, *State ex rel. Peterson*, 143 Ohio St.3d 1540, 2015-Ohio-4633, 40 N.E.3d 1178. *See State ex rel. Franks v. Cosgrove*, 135 Ohio St.3d 249, 2013-Ohio-402, 985 N.E.2d 1264, citing *State ex rel. Carroll v. Corrigan*, 91 Ohio St.3d 331, 744 N.E.2d 771 (2001).

**{¶ 7}** To be entitled to a writ of prohibition, Peterson must prove that Judge McClelland exercised unauthorized judicial power and that denying the writ would result in injury for which no other adequate remedy at law exists. *State ex rel. Steffen v. Myers*, 143 Ohio St.3d 430, 2015-Ohio-2005, 39 N.E.3d 483, ¶ 12; *State ex rel. Miller v. Warren Cty. Bd. of Elections*, 130 Ohio St.3d 24, 2011-Ohio-4623, 955 N.E.2d 379, ¶ 12.

**{¶ 8}** However, "[i]n the absence of a patent and unambiguous lack of jurisdiction, a court having general subject-matter jurisdiction can determine its own jurisdiction, and a party contesting that jurisdiction has an adequate remedy by appeal." *State ex rel. Plant v. Cosgrove*, 119 Ohio St.3d 264, 2008-Ohio-3838, 893 N.E.2d 485, ¶ 5. Under R.C. 2931.03 and 2929.20(K), Judge McClelland had jurisdiction over Peterson's criminal proceeding, including his sentencing and his

judicial release. *State ex rel. Pruitt v. Donnelly*, 129 Ohio St.3d 498, 2011-Ohio-4203, 954 N.E.2d 117, ¶ 2.

{¶ 9} Peterson argues that Judge McClelland violated the law-of-the-case doctrine and disregarded the appellate court's mandate when the judge revoked his judicial release and ordered him to serve the remainder of his prison term. But contrary to Peterson's suggestion, the court of appeals' remand order did not require the trial court to reimpose judicial release. Instead, because the trial court had failed to make the requisite findings, the court of appeals reversed the trial court's entry granting Peterson judicial release and "remanded [the matter] for further proceedings" consistent with its opinion. *Peterson*, 2015-Ohio-1152, at ¶ 11-12. Thus, Judge McClelland did not exceed his jurisdiction in revoking Peterson's judicial release and ordering him to serve the remainder of his prison term. *See Nolan v. Nolan*, 11 Ohio St.3d 1, 3-4, 462 N.E.2d 410 (1984) (observing that the law-of-the-case doctrine "functions to compel trial courts to follow the mandates of reviewing courts," and that "the trial court is without authority to extend or vary the mandate given").

{¶ 10} Moreover, Peterson had the right to appeal the order revoking his judicial release. "An appeal is generally considered an adequate remedy in the ordinary course of law sufficient to preclude a writ." *Shoop v. State*, 144 Ohio St.3d 374, 2015-Ohio-2068, 43 N.E.3d 432, ¶ 8, citing *State ex rel. Pressley v. Indus. Comm.*, 11 Ohio St.2d 141, 228 N.E.2d 631 (1967), paragraph three of the syllabus.

Judgment affirmed.

O'CONNOR, C.J., and KENNEDY, FRENCH, O'NEILL, FISCHER, and DEWINE, JJ., concur.

O'DONNELL, J., concurs in judgment only.

_____

Damien L. Peterson, pro se.

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and James E. Moss, Assistant Prosecuting Attorney, for appellee.

_____